IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAYFLOWER TRANSIT, INC. | : | CIVIL ACTION |
| and LOUDERBACK WORLDWIDE | : | |
| MOVING | : | NO. 02-CV-2702 |
| Plaintiffs | : | |
| vs. | : | |
| HOUSEHOLD MOVERS SERVICES | : | |
| Defendant | : | |

**ANSWER OF DEFENDANT TO PLAINTIFFS' COMPLAINT
<u>WITH AFFIRMATIVE DEFENSES</u>**

Defendant, Household Movers Services, by and through their counsel, Deasey, Mahoney & Bender, Ltd., hereby responds to Plaintiffs' Complaint and avers, upon information and belief in support of the same, as follows:

1-2. After reasonable investigation, Answering Defendant, Household Movers Services (hereinafter "Household Movers") is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1 and 2 of plaintiffs' Complaint. The same are, therefore, specifically denied and strict proof demanded at time of trial.

3. Denied as stated. It is specifically denied that Defendant, Household Movers Services is a business entity which specializes in the movement of household goods with an address as stated above. To the contrary, Household Movers Services is a business entity which provides specialized services to individuals who are relocating and/or to those entities which are effecting the relocation. Household Movers Services does not provide or perform the movement of household goods.

4-5. After reasonable investigation, Answering Defendant, Household Movers, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 4 and 5 of plaintiffs' Complaint. The same, are therefore, denied and

strict proof demanded at trial.

6. Denied as stated. Due to the fact that the case in question is over seven years old, Answering Defendant, Household Movers, after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 that plaintiffs hired Household Movers Services to provide crating and packing for the Tannens' personal property. Until plaintiffs have provided defendant with their Rule 26 Disclosure Statements, Answering Defendants, Householder Movers, is unable to admit or deny the truth of the allegations contained in paragraph 6 of plaintiffs' Complaint. The same are, therefore, denied and strict proof demanded at trial.

7-11. After reasonable investigation, Answering Defendant, Household Movers, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 7 through 11 of plaintiffs' Complaint. The same are, therefore, denied and strict proof demanded at trial.

12. Denied as stated. It is admitted only that defendant was not a party to the prior suit. It is specifically denied that defendant received any benefit of the alleged settlement entered into between plaintiffs and Dr. and Mrs. Tannen.

13. The averments contained in paragraph 13 of plaintiffs' Complaint state conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

14. Answering Defendant, Household Movers, incorporates by reference herein its responses to the allegations set forth in paragraphs 1 through 13 inclusive of plaintiffs' Complaint as fully as though the same were set forth herein at length.

15-17. Denied as stated. The averments contained in paragraphs 15 through 17 inclusive

of plaintiffs' Complaint constitute conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent that the averments contained in paragraphs 15 through 17 inclusive of plaintiffs' Complaint require a responsive pleading pursuant to the Federal Rules of Civil Procedure, said averments are specifically denied and strict proof thereof demanded at time of trial.

      18.    Answering Defendant, Household Movers, incorporates by reference herein its responses to the allegations set forth in paragraphs 1 through 17 inclusive of plaintiffs' Complaint as fully as though the same were set forth herein at length.

      19-20.    Denied as stated. The averments contained in paragraphs 19 and 20 of plaintiffs' Complaint constitute conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial. To the extent that the averments contained in paragraphs 19 and 20 of plaintiffs' Complaint require a responsive pleading pursuant to the Federal Rules of Civil Procedure, said averments are specifically denied and strict proof thereof demanded at time of trial.

      21.    Answering Defendant, Household Movers, incorporates by reference herein its responses to the allegations set forth in paragraphs 1 through 20 inclusive of plaintiffs' Complaint as fully as though the same were set forth herein at length.

      22.    Denied as stated. The averments contained in paragraph 22 of plaintiffs' Complaint constitute conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The same are, therefore, denied and strict proof demanded at trial.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole and/or in part by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs were comparatively negligent.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs were contributorily negligent.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of any and all alleged damages referred to in plaintiffs' Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs were volunteers in connection with the settlement referred to plaintiffs' Complaint and, therefore, cannot recover against Answering Defendant.

### NINTH AFFIRMATIVE DEFENSE

The settlement referred to in plaintiffs' Complaint was unreasonable as a matter of law and under the facts of the case and, therefore, plaintiffs are precluded from recovery against Answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring any of the claims asserted in plaintiffs' Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not the real party in interest.

## TWELFTH AFFIRMATIVE DEFENSE

The claim of Dr. and Mrs. Tannen referred to in plaintiffs' Complaint was subject to a bill of lading and any recovery by the Tannens was limited to the amount contained in the bill of lading and, therefore, plaintiffs settlement with Dr. and Mrs. Tannen was excessive and unreasonable and, therefore, plaintiffs are precluded from recovering against Answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the entire controversy doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred as a result of plaintiffs' failure/refusal to join Answering Defendant, Household Movers Services, as a third party defendant and/or additional defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of accord and satisfaction.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Answering Defendant are barred by the doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The settlement entered into between Plaintiffs and Dr. and Mrs. Tannen was collusive and/or fraudulent in nature and, therefore, plaintiffs are precluded from recovery against Answering Defendant.

WHEREFORE, Answering Defendant, Household Movers Services, demands judgment in its favor and against plaintiffs on plaintiffs' Complaint together with interest, costs and whatever further relief this Honorable Court deems appropriate under the circumstances.

        **DEASEY, MAHONEY & BENDER, LTD.**

By:_____
      FRANK J. DEASEY, ESQUIRE
      Attorney for Defendant, Household Movers Services
      Identification No. 25699
      1800 John F. Kennedy Boulevard
      Suite 1300
      Philadelphia, Pa 19103-2978
      (215) 587-9400/ (215) 587-9456 fax

DATED:_____