**HONORABLE MICHAEL M. BAYLSON**
United States District Court for the Eastern District of Pennsylvania
4001 U.S. Courthouse, 601 Market Street
Philadelphia, PA 19106
267.299.7520

## NOTICE TO COUNSEL
## JUDGE BAYLSON'S PRETRIAL AND TRIAL PROCEDURES - CIVIL CASES

*Pretrial*

1. A Preliminary Pretrial Conference as described in FED. R. CIV. P. 16(a), (b) and (c) will be held, usually by telephone, approximately 60 to 90 days after an action is filed, or after an Answer is filed, or shortly after a case is reassigned to my calendar.

2. Motions to dismiss, amend, transfer, add parties, and other threshold motions should be filed, whenever possible, before the Preliminary Pretrial Conference.

3. The Preliminary Pretrial Conference will take approximately 15 minutes. If it is truly impossible for trial or associate counsel to attend the Preliminary Pretrial Conference, please call to reschedule.

4. Counsel are required to discuss the following topics among themselves prior to the Preliminary Pretrial Conference and to submit (by fax to chambers) a Conference Information Report (attached):

    a. Jurisdictional defects, if any;

    b. Prospects of settlement;

    c. Establishing schedules for remaining pretrial proceedings including discovery, dispositive motions, exchange of expert reports, pretrial memoranda, etc.;

    d. Conduct of discovery;

    e. Setting a date for entry of the case into the trial pool.

5. Additional conferences should be requested by counsel if desired for exploration

of settlement or for trial management or trial preparation purposes. A Final Pretrial Conference will be held in most cases.

6. If counsel determine that a change in the Scheduling Order is necessary, they should attempt to agree on new dates and submit a letter or Stipulation to that effect, preferably following the format of the Court's original Scheduling Order. If there is no agreement, a telephone conference should be requested. Counsel are welcome to suggest appropriate dates for entry of the case into the trial pool.

7. In an uncomplicated case, discovery should be completed within 120 days after appearances have been filed for all defendants. The date for completing discovery will be set at the Preliminary Pretrial Conference. In complex cases, following the Preliminary Pretrial Conference, counsel will be directed to file a joint discovery schedule.

8. Counsel are expected to initiate discovery immediately following the Preliminary Pretrial Conference, and to complete discovery within the stated deadline. Unless specifically ordered, counsel need not file a discovery report. Counsel must discuss any problems that arise concerning discovery with each other and make good faith attempts to resolve those problems before filing any discovery Motions with the Court. As a general rule, once the initial disclosures have been completed, the parties should serve document requests forthwith and arrange for the production and copying of documents in a cooperative manner. Documents produced should be stamped showing their origin with an appropriate numbering system.

9. The discovery deadline means that, unless otherwise specified, all reasonably foreseeable fact and expert discovery must be served, noticed, and completed by that date. Discovery may take place thereafter only by agreement of the parties, so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted.

10. When discovery is not forthcoming after a reasonable attempt has been made to obtain it, a Motion to Compel should be filed promptly. See Local Rule 26.1(f). Discovery Motions are usually resolved by telephone conference, often before a response is filed.

11. The filing of a Pretrial Memorandum as described in Local Rule 16.1(c) will be required. The requirements of Local Rule 16.1(d)(2) will only be utilized when specially ordered.

12. After arbitration, requests for trial *de novo* will result in the case being placed in the trial pool promptly. No discovery will be allowed after the arbitration except by order of the Court upon good cause shown as to why the discovery requested could not have been reasonably anticipated and completed prior to the arbitration.

13. Unexcused violations of Scheduling Orders are subject to sanctions under FED. R. CIV. P. 16(f), upon Motion or the initiative of the Court.

14. Telephone calls to law clerks are discouraged. Law clerks are not permitted to render advice and have no authority to grant continuances or to speak on behalf of the Court. All scheduling matters should be discussed with the Deputy Clerk.

15. Motions relating to expert testimony should be made promptly after the close of expert discovery, and in any event, prior to the filing of dispositive Motions, or if none, prior to entry of the case into the trial pool.

*Dispositive Motions*

16. The party filing a dispositive Motion shall include either within the Memorandum of Law or as a separate document a "Statement of Undisputed Facts", which sets forth, in numbered paragraphs, all material facts that the moving party contends are undisputed, with record references.

The responding party shall include with the Memorandum of Law or file a separate "Statement of Disputed or Undisputed Facts" responding to the numbered paragraphs set forth in the moving party's statement, either admitting that the paragraph is not disputed, or if it is disputed, setting forth those facts contended to be in dispute, with record reference to where the party's contention is supported in the papers filed with the Court on the dispositive Motion.

The responding party may also set forth, in additional numbered paragraphs, any additional material facts which the responding party contends preclude the granting of the dispositive Motion, with record references.

A reply brief may be filed within seven days following receipt of the responding party's papers, and shall be limited to fifteen pages, and limited to refuting arguments in the responsive brief. The moving party may respond, following the numbered paragraphs, to the responding party's statement concerning factual issues. Surreply briefs are not accepted without leave of the Court.

Statements of material facts in support of or in opposition to a dispositive Motion shall include specific and not general references to the parts of the record that support each of the statements, such as the title or numbered reference to a document, or the name of a deponent and the page(s) of the deponent's deposition, or the identity of an affidavit or declaration and the specific paragraph relied upon.

Oral argument may be requested or may be required by the Court.

The parties may stipulate to undisputed facts, and/or to a briefing schedule.

**_Settlement_**

17.    A settlement conference is required in every case by a Magistrate Judge or Judge Baylson. The timing of the settlement conference is to some extent in the hands of counsel.

Early settlement conferences are encouraged because they have the potential of saving expenses. In some cases, however, counsel legitimately want to undertake some discovery before engaging in settlement discussions. Counsel should not hesitate to request a settlement conference when it is the mutual desire of all parties.

### *Scheduling Questions*

18. Any scheduling questions or issues should be addressed to the Deputy Clerks as follows:

>Lynn Meyer, 267.299.7521, even-numbered civil cases
>
>Lenora Kashner, 267.299.7529, odd-numbered civil cases and all criminal cases.

### *Final Pretrial Conference*

19. The Court will generally hold a Final Pretrial Conference (in Court or by telephone) with all counsel at or about the time the case is placed into the trial pool. The Final Pretrial Conference must be attended by trial counsel. Any logistical issues which may impede the smooth flow of the trial, such as taking witnesses out of order, using video depositions, etc. shall be raised. Counsel shall also be prepared to discuss significant or unusual legal issues concerning the case and evidentiary issues that may arise during the trial. Any objections to admissibility of documents on the opposing party's exhibit list must be raised at the Final Pretrial Conference. Both parties should have a realistic view of how long it will take to present their case, and, in some cases, the Court may impose time limits on the presentation of evidence by a particular party, or on the length of time that may be taken for examination of specific witnesses.

### *Trial*

20. The Court intends that most cases should be tried (if not settled) within one year of filing. If extended pretrial proceedings are necessary, every case should reach trial no later

than two years after the date of filing. Exceptions will be necessary only when there have been interlocutory appeals or other unusual pretrial procedures.

   a. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications and/or admissibility of testimony of an expert witness expected to testify; or (c) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in its Pretrial Memorandum. Each objection shall describe with particularity the ground for the objection.

   b. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior</u> <u>to</u> <u>trial</u> for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

   c. Because a witness may be unavailable at the time of trial as defined in FED. R. CIV. P. 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any</u> <u>witness</u> whose testimony a party believes is essential to the presentation of that party's case, whether that witness is a party, a non-party, or an expert. The unavailability of any such witness <u>will</u> <u>not</u> <u>be</u> <u>a</u> <u>ground</u> <u>to</u> <u>delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the appropriate portions of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a court ruling is necessary along with a covering list of the objections with page and line numbers.

   d. At least three days before a jury case is listed for trial or appears on the

trial pool list, each party shall submit to the Court (Chambers, Room 4001) two copies of (a) proposed jury voir dire questions; (b) proposed jury instructions with <u>pinpoint</u> citations of authority for each point (ONE POINT PER PAGE); (c) proposed jury interrogatories; (d) Motions *In Limine*; and (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

   e. At least three days before a non-jury case is listed for trial or appears on the trial pool list, each party shall submit to the Court (Chambers, Room 4001) two copies of (a) Proposed Findings of Fact and Conclusions of Law; (b) Motions *In Limine*; and (c) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

   f. Please submit a disc to Chambers in WordPerfect format of all Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law.

***Unrepresented Pro Se Parties***

 21. Pro se parties are expected to adhere to the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure and to file all of their pleadings with the Clerk of the Court, rather than directly with chambers.

### *Correspondence*

22.     Correspondence on scheduling is accepted, but correspondence on substantive matters is not accepted and will not be considered.  Other than scheduling issues or to advise that a case has been settled or discontinued, requests for Court action, or opposition to Court action, must be made by a pleading filed with the Clerk of the Court.  Courtesy copies of pleadings to chambers are not required, but are accepted.

### *Reply Briefs*

23.     A party desiring to file a reply in support of any Motion may do so within seven days of service of the brief responding to the Motion, limited to fifteen pages, and limited to refuting arguments made in the opposition brief.  Surreply briefs are not accepted without leave of the Court.